BURRELL CLARK,

      Plaintiff,               Civil No. 2:21-CV-10631
                                 HON. SEAN F. COX
                                 UNITED STATES DISTRICT JUDGE

v.

MS. OWENS,

      Defendant,

_____/

**OPINION AND ORDER SUMMARILY DISMISSING CIVIL RIGHTS COMPLAINT WITHOUT PREJUDICE AND GRANTING PLAINTIFF ADDITIONAL TIME TO FILE AN AMENDED COMPLAINT**

Burrell Clark, ("Plaintiff"), incarcerated at the Macomb Correctional Facility in New Haven, Michigan, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint is dismissed without prejudice, because the complaint as written fails to adequately state a claim for relief under 42 U.S.C. § 1983. The Court GRANTS plaintiff sixty days from the date of this order to file an amended complaint which adequately pleads a claim for relief.

**I. STANDARD OF REVIEW**

Plaintiff has paid the entire filing fee of $ 350.00, plus the $ 52.00 administrative fee, rendering inapplicable this Court's authority to screen his complaint for frivolity or maliciousness pursuant to a portion of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e)(2). However, the Court has an initial and continuing obligation under Fed. R. Civ. P. 12(b)(1) to review and dismiss cases in which the Court lacks subject matter jurisdiction. Because the Court finds that plaintiff's claims are devoid of merit or no longer open to discussion, the Court will *sua sponte* dismiss the complaint for lack of subject matter jurisdiction.

1

A federal district court's authority to screen and *sua sponte* dismiss complaints under 28 U.S.C. § 1915(e)(2) is limited to those prisoner complaints that are filed *in forma pauperis*. *Benson v. O'Brian*, 179 F. 3d 1014, 1015 (6th Cir. 1999). Plaintiff did not file his complaint in this case as an indigent, but paid the filing fee and did not seek *in forma pauperis* status. As a general rule, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *Apple v. Glenn,* 183 F. 3d 477, 479 (6th Cir. 1999).

However, a review of a prisoner's civil rights complaint pursuant to 28 U.S.C. § 1915A is appropriate regardless of whether the prisoner has sought *in forma pauperis* status when the claim is brought against a governmental entity. *Benson*, 179 F. 3d at 1017. Therefore, if a prisoner's complaint seeks relief from a governmental entity, officer, or employee, Congress has directed that the district court must dismiss it, or any part thereof, which (a) is frivolous, malicious, or fails to state a claim upon which relief can be granted, or (b) seeks monetary relief from a defendant who is immune from suit for monetary damages. 28 U.S.C. § 1915A. Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F. 3d at 479 (*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)(citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless."

*Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000)(*citing Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F. 3d at 867. *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore*, 114 F. 3d at 612; *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 ( E.D. Mich.1994)(*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, they are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed. R. Civ. P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich.2001).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(*citing*

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## II. COMPLAINT

Plaintiff's complaint is against Ms. Owens, a psychological case manager. Plaintiff actually addresses the complaint to Mr. John F. Lopez, the State Personnel Director for the Michigan Department of Civil Service Commission. Plaintiff asks for an investigation to be conducted against Ms. Owens, but he does not state why Ms. Owens should be investigated. The complaint offers no factual allegations that Ms. Owens violated any of plaintiff's constitutional rights. Plaintiff states that he has a right under the federal and Michigan constitutions to seek redress for any infringement of his rights. Plaintiff further argues that the Michigan Attorney General and the Federal Bureau of Investigation have a duty to investigate crimes and the Michigan Civil Service Commission and the Ombudsman for the Michigan Department of Corrections have a duty to implement and protect prisoner rights. Plaintiff alleges a violation of public office, intentional dereliction of duty, and inhumane treatment of employees, prisoners, or the general public. Plaintiff cites to numerous federal and state constitutional and statutory provisions. Plaintiff, however, makes no specific factual allegations against Ms. Owens that she was personally involved in any deprivation of his constitutional rights in order to state a claim for relief.

## III. DISCUSSION

Plaintiff's claims must be dismissed because his allegations are conclusory and vague.

In the context of a civil rights claim, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983; some factual basis for such

claims must be set forth in the pleadings. *Lillard v. Shelby County Board of Education*, 76 F. 3d 716, 726 (6th Cir. 1996); *See also Johnson v. Freeburn*, 29 F. Supp. 2d 764, 767 (E.D. Mich. 1998)(conclusory unsupported allegations of a constitutional deprivation do not state a § 1983 claim).

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This rule seeks "to avoid technicalities and to require that the pleading discharge the function of giving the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Chase v. Northwest Airlines Corp*., 49 F. Supp. 2d 553, 563 (E.D. Mich.1999)(*quoting* Wright & Miller, Federal Practice and Procedure: Civil 2d § 1215).

Plaintiff's "bare bones", conclusory assertions within his complaint are insufficient to state a cognizable constitutional claim. *See Coker v. Summit County Sheriff's Dep't,* 90 F. App'x. 782, 787 (6th Cir. 2003); *See also Payne v. Secretary of Treas*., 73 F. App'x. 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed.R.Civ.P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her."). The complaint is subject to dismissal.

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it" and, "[i]n all other cases, ... [t]he court should freely give leave [to amend] when justice so requires." "[G]enerally, '[i]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Brown v. Matauszak*, 415 F. App'x. 608, 614 (6th Cir. 2011)(*quoting* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1483 (3d ed. 2010)). Dismissal of a

complaint with leave to amend is especially preferable "'where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements[.]' "*Id.* at 614–15 (*quoting Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990)).

The Court dismisses the complaint without prejudice. The Court grants plaintiff sixty days from the date of this order to file an amended complaint which alleges sufficient facts that could state a claim for relief.

## V. ORDER

The complaint is dismissed for failing to state a claim upon which relief can be granted. The dismissal is without prejudice to plaintiff filing an amended complaint within sixty days of this order which pleads sufficient facts that would state a claim for relief.

Dated: April 28, 2021                    s/Sean F. Cox
                                         Sean F. Cox
                                         U. S. District Judge