UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURRELL CLARK,

    Plaintiff,

v.

ANDREA OWENS *et al.*,

    Defendants.

_____/

Case No. 2:21-cv-10631-SFC-JJCG
District Judge Sean F. Cox
Magistrate Judge Jonathan J.C. Grey

### REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Burrell Clark, an incarcerated person, brings this *pro se* action under 42 U.S.C. § 1983 against Andrea Owens, Heidi Washington, George Stephenson, Kristopher Steece, Lisa Walsh, Regina Jenkins-Grant, Brett Coney, Ellen Campbell, Christine Ramsey, and Kimani Sanders. (ECF No. 6.) This matter is now before the Court on the motion for summary judgment filed by defendants Campbell, Coney, Owens, Steece, Walsh, and Washington. (ECF No. 18.)

On September 28, 2021, Judge Sean F. Cox referred pretrial matters to the undersigned. (ECF No. 15.) For the reasons that follow, the undersigned

**RECOMMENDS** that the defendants' motion for summary judgment be **GRANTED**.

## I. Procedural and Factual Background

### A. Clark's Complaint

Clark is an incarcerated person in custody of the Michigan Department of Corrections (MDOC) at the Macomb Correctional Facility (MRF) (ECF No. 6.) On February 17, 2021, he commenced this action. (ECF No. 1.) On June 17, 2021, Clark filed the operative amended complaint. (ECF No. 6.) He alleges violations of his First, Fifth, Eighth, and Fourteenth Amendment rights, along with Americans with Disabilities Act, Rehabilitation Act, Civil Rights of Institutionalized Persons Act, and MDOC policy violations. *Id.* He brings claims arising from unrelated incidents that took place from January 19, 2021 to May 10, 2021. *Id.*

Clark's claims fall into four categories: (1) mail interference, (2) inadequate precautions from COVID-19, (3) denial of mental health treatment, and (4) retaliation. *Id.* He filed Step I grievances for these claims with MDOC. (*Id.* at PAGEID.53–78; ECF No. 18-3.) According to MDOC records, however, Clark did not take any of these grievances through Step III of the MDOC grievance process before filing his complaint on February 17, 2021. (ECF No. 18-3.)

2

The U.S. Marshal Service requested waiver of service from all defendants. (ECF Nos. 14, 19–21, 23.) All defendants waived service, which made their answers or responsive pleadings due on or before October 4, 2021. *Id.* On October 4, 2021, Campbell, Coney, Owens, Steece, Walsh, and Washington moved for summary judgment for Clark's failure to exhaust administrative remedies. (ECF No. 18.) To date, the remaining defendants, Jenkins-Grant, Ramsey, Sanders, and Stephenson have not filed an answer or other responsive pleading. On October 14, 2021, Clark responded to the summary judgment motion. (ECF No. 22.)

### B. MDOC Grievance Process

MDOC provides a three-step grievance process that prisoners must follow to exhaust administrative remedies. MDOC Policy Directive 30.02.130 (effective Mar. 18, 2019). Prior to Step I, a grievant must "attempt to resolve the issue with the staff member involved within two business days." *Id.* ¶ Q. If there is no resolution, the grievant may file a Step I grievance within five business days. *Id.* At Step II, a grievant may appeal the denial of a Step I grievance within ten business days after receipt of the Step I response. *Id.* ¶ DD. At Step III, a grievant may appeal the Step II denial within ten business days after receipt of the Step II response. *Id.* ¶ HH. Grievances at all steps are logged in a computerized tracking system. MDOC Policy Directive. *Id.* ¶¶ X, EE, II.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(a), courts must grant motions for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Moreover, a fact is material "only if its resolution will affect the outcome of the lawsuit." *Id.* at 451–52 (citing *Anderson*, 477 U.S. at 248).

In reviewing a summary judgment motion, the Court must draw all justifiable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). The burden of demonstrating the absence of a genuine dispute of material fact initially rests with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party bears this responsibility by identifying portions of the record that show the absence of a genuine issue as to any material fact. *Id.* If the moving party meets its burden, the burden then shifts to the nonmoving party to establish "specific facts showing that there is a genuine issue for trial." *Id.* at 324. If the nonmoving party "fails to make a showing sufficient to establish the

4

existence of an element essential to that party's case," the moving party is then entitled to summary judgment. *Id.* at 322.

### III. Analysis

The moving defendants argue that Clark did not exhaust his administrative remedies before filing his complaint. (ECF No. 18.) In response, Clark concedes that he did not file Step III grievances against the moving defendants. (ECF No. 22.) He does, however, maintain that he exhausted his claims against the nonmoving defendants. *Id.*

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust all available administrative remedies before filing an action about prison conditions. 42 U.S.C. § 1997e(a). The Supreme Court requires that a grievant exhaust all administrative remedies before filing a lawsuit. *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). It is also "the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218. Proper exhaustion entails "using all steps that the agency holds out, and doing so *properly*." *Woodford v. Ngo*, 548 U.S. 81, 81 (2006) (emphasis in original) (citation and internal quotations omitted).

Failure to exhaust is an affirmative defense, so prisoners are "not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at

5

216. The burden thus rests on defendants to establish failure to exhaust. *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011). Once the defense of failure to exhaust is raised, the grievant must "present 'significant probative evidence' to defeat the motion for summary judgment." *Id.*

### A. Moving Defendants

Here, Clark was required to undertake all steps of the MDOC process to fully exhaust his grievances. The moving defendants, who bear the burden of proof, provided Clark's Step III grievance report. (ECF No. 18-3.) According to the report, Clark did not pursue any grievance relating to his action's claims through Step III prior to filing his suit on February 17, 2021. *Id.* MDOC received Clark's Step III grievances from March 29, 2021 to May 3, 2021 for all but one claim. *Id.* The remaining claim appears to not yet have reached Step III. (ECF No. 6, PAGEID.64–66.) Moreover, Clark concedes to all the movants' arguments. (ECF No. 22.) The moving defendants are therefore entitled to summary judgment for lack of proper exhaustion.

### B. Nonmoving Defendants

This Court recommends no action on behalf of the nonmoving defendants, though the Court notes that other courts have *sua sponte* dismissed claims against nonmoving defendants in similar circumstances. *See generally Threatt v. Williams*, No. 15-12585, 2016 WL 4607639 (E.D. Mich. Sept. 6, 2016); *Colston v. Cramer*,

No. 06-14842-BC, 2007 WL 1655413 (E.D. Mich. June 7, 2007). MDOC did not mention the nonmoving defendants in its motion and Clark avers that he did exhaust his administrative remedies as to the nonmoving defendants. Accordingly, at this juncture, the Court makes no recommendation as to the nonmoving defendants.

### IV. Conclusion

For the reasons above, the undersigned **RECOMMENDS** that the defendants' motion for summary judgment be **GRANTED**.


Dated: November 10, 2021                s/**Jonathan J.C. Grey**
                                        Jonathan J.C. Grey
                                        United States Magistrate Judge

**Notice to the Parties About Objections**

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 10, 2021.

<u>s/ **S. Osorio**</u>

Sandra Osorio
Case Manager