UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURRELL CLARK,

    Plaintiff,

v.

ANDREA OWENS *et al.*,

    Defendants.

Case No. 2:21-cv-10631-SFC-JJCG
District Judge Sean F. Cox
Magistrate Judge Jonathan J.C. Grey

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION AS MOOT

Burrell Clark, an incarcerated person, initially brought this *pro se* action under 42 U.S.C. § 1983 against Andrea Owens, Heidi Washington, George Stephenson, Kristopher Steece, Lisa Walsh, Regina Jenkins-Grant, Brett Coney, Ellen Campbell, Christine Ramsey, and Kimani Sanders. (ECF No. 6.) On December 8, 2021, Clark filed a motion for default judgment against Stephenson, Jenkins-Grant, Ramsey, and Sanders. (ECF No. 33.) The Court **RECOMMENDS** denial of Clark's motion as moot.

On November 10, 2021, the undersigned recommended granting the summary judgment motion filed by Campbell, Coney, Owens, Steece, Walsh, and Washington for Clark's failure to exhaust administrative remedies. (ECF No. 26.) Judge Cox adopted the undersigned's report and recommendation, dismissing

those defendants. (ECF No. 30.) On November 15, 2021, Stephenson, Jenkins-Grant, Ramsey, and Sanders moved for summary judgment on the same basis (ECF No. 28), which the undersigned recommended granting on December 14, 2021 (ECF No. 32). The Court also notes that it is likely that Clark has not yet received the undersigned's latest report and recommendation.

On December 8, 2021, Clark moved for default judgment against Stephenson, Jenkins-Grant, Ramsey, and Sanders.[1] (ECF No. 33.) His motion was not docketed until December 17, 2021, three days after the undersigned's latest report and recommendation. Since the undersigned recommended dismissal of Stephenson, Jenkins-Grant, Ramsey, and Sanders (ECF No. 32), Clark's motion should be denied for mootness. *E.g.*, *Miami Univ. Wrestling Club v. Miami Univ.*, 302 F.3d 608, 616 (6th Cir. 2002) (affirming denial of pending motions as moot after the district court granted the defendants' motion for summary judgment).

For the foregoing reasons, the Court **RECOMMENDS** that Clark's motion for default judgment (ECF No. 33) be denied as moot.

Dated: December 20, 2021        s/**Jonathan J.C. Grey**
                                Jonathan J.C. Grey
                                United States Magistrate Judge

---

[1] Clark argues that these defendants failed to adhere to the Court's November 10, 2021 order, which required the defendants to file an answer or otherwise responsive pleading by November 26, 2021. (ECF No. 33.) Even considering the merits, the Court finds that Clark's stance is incorrect. The defendants timely moved for summary judgment on November 15, 2021. (ECF No. 28.)

2

## Notice to the Parties About Objections

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 20, 2021.

                                                  s/ **L. Hosking**
                                                  Leanne Hosking
                                                  Case Manager acting in the absence of
                                                  Sandra Osorio