UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Burrell Clark,

    Plaintiff,

                                    Civil Case No. 21-10631

v.

Andrea Owens, *et al.*,                  Sean F. Cox
                                                  United States District Court Judge

    Defendants.
_____/

**ORDER
ADOPTING REPORTS AND RECOMMENDATIONS (ECF NOS. 32 & 36),
GRANTING SUMMARY JUDGMENT MOTION BY REMAINING DEFENDANTS,
AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff Burrell Clark, an incarcerated person, filed this *pro se* action asserting claims against a number of Defendants, under 42 U.S.C. § 1983. The matter was referred to the magistrate judge for all pretrial proceedings.

On November 10, 2021, the magistrate judge issued a Report and Recommendation wherein he recommended that a Motion for Summary Judgment filed on behalf of Defendants Ellen Campbell, Brett Coney, Andrea Owens, Kristopher Steece, Lisa Walsh, and Heidi Washington be granted, based upon Plaintiff's failure to exhaust his grievances that are at issue in this case. (ECF No. 26). The magistrate judge's Report and Recommendation noted that Plaintiff conceded the failure-to-exhaust arguments raised by the Defendants:

> Here, Clark was required to undertake all steps of the MDOC process to fully exhaust his grievances. The moving defendants, who bear the burden of proof, provided Clark's Step III grievance report. (ECF No. 18-3.) According to the report, Clark did not pursue any grievance relating to his action's claims through Step III prior to filing his suit on February 17, 2021. *Id.* MDOC received Clark's Step III grievances from March 29, 2021 to May 3, 2021 for all but one

>   claim. *Id.* The remaining claim appears to not yet have reached Step III. (ECF No.
>   6,PAGEID.64–66.) Moreover, Clark concedes to all the movants' arguments.
>   (ECF No. 22.) The moving defendants are therefore entitled to summary
>   judgment for lack of proper exhaustion.

(*Id*. at 6).

In an Order issued on December 7, 2021, this Court adopted that Report and Recommendation, granted Defendants' summary judgment motion, and dismissed Plaintiff's claims against Defendants Campbell, Coney, Owens, Steece, Walsh, and Washington.  (ECF No. 30).

Thereafter, on November 15, 2021, a summary judgment motion was filed on behalf of the four remaining Defendants in this case, Defendants George Stephenson, Regina Jenkins-Grant, Christine Ramsey, and

Kimani Sanders.  (ECF No. 28).

On December 8, 2021, likely before having received this Court's November 15, 2021 Order, and without having requested or obtained a Clerk's Entry of Default as to any Defendant in this case, Plaintiff filed a motion seeking a default judgment against all Defendants.  (ECF No. 33).

In a Report and Recommendation issued on December 14, 2021, the magistrate judge recommends that this Court grant the summary judgment motion filed by the remaining Defendants, for lack of proper exhaustion – the same basis upon which the summary judgment motion filed by the other Defendants was previously granted.  (ECF No. 32).  In a Report and Recommendation issued on December 20, 2021, the magistrate judge recommends that this Court deny Plaintiff's motion for default judgment as moot.  (ECF No. 36).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a

2

matter by a Magistrate Judge must filed objections to the Report and Recommendation within fourteen (14) days after being served with a copy of it.

Plaintiff has filed objections to both of the recent Reports and Recommendations issued by the magistrate judge. (*See* ECF Nos. 37 & 38). Having reviewed those objections, the Court finds them to be without merit. The Court agrees with the analysis in the magistrate judge's December 14, 2021 Report and Recommendation and concludes that the claims against the remaining Defendants should be dismissed for failure to exhaust. The Court also agrees that Plaintiff's motion seeking entry of a default judgment against Defendant should be denied as moot.[1]

Accordingly, the Court hereby ADOPTS the magistrate judge's December 14, 2021 and December 20, 2021 Reports and Recommendations. The Court ORDERS that the motion for summary judgment filed by the remaining Defendants in this case is GRANTED and Plaintiff's claims against those Defendants are DISMISSED. IT IS FURTHER ORDERED that Plaintiff's motion seeking a default judgment is DENIED.

---

[1] In addition, Plaintiff's motion seeking a default judgment also fails because Plaintiff has neither requested, nor obtained, a Clerk's Entry of Default against any Defendant in this case. Obtaining a default judgment under Rule 55 of the Federal Rules of Civil Procedures is a two-step process. Under Fed. R. Civ. P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defendant against an action. But in order to obtain a judgment by default, the proponent *must first* request and obtain a clerk's entry of default pursuant to subsection (a). Fed. R. Civ. P. 55(a); *see also Shepard Claim Service, Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) (Explaining that "entry of default is just the first procedural step on the road to obtaining a default judgment."). After a default has been obtained, the proponent may then move for a default judgment by the clerk (if the plaintiff's claim is for a sum certain) or by the court (in cases where the claim is not for a sum certain). Fed. R. Civ. P. 55(b).

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 24, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 24, 2022, by electronic and/or ordinary mail.

S/J. McCoy
Case Manager